# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILLIAM R. WILSON,**
**Claimant Below, Petitioner**

**FILED**

June 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0176** (BOR Appeal No. 2046473)
            (Claim No. 2010116400)

**ROCKSPRING DEVELOPMENT, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner William R. Wilson, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockspring Development, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2012, in which the Board affirmed a September 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 2, 2011, and April 26, 2011, decisions denying the request to add cervical sprain, disc disease, and radiculopathy of the right upper extremity as compensable secondary conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson was injured when lifting a large rock off a section of the belt on December 3, 2009, while working for Rockspring Development, Inc. On February 7, 2011, the claims administrator denied the request to add cervical sprain, disc disease, and radiculopathy of the right upper extremity as compensable secondary conditions.

The Office of Judges affirmed the claims administrator's decisions dated February 7, 2011, and April 26, 2011, and held that the claims administrator appropriately denied Mr. Wilson's request to add compensable conditions for cervical sprain, disc disease, and

1

radiculopathy of the right upper extremity. On appeal, Mr. Wilson disagrees and asserts that the Office of Judges erred in stating that he did not seek treatment for his neck until three months after the accident because he sought treatment for his neck immediately at the emergency room, and later from Dr. Nadar and Dr. Vempaty. Mr. Wilson further asserts that a prior history does not necessarily negate the existence of an injury in this claim. Rockspring Development, Inc. maintains that Mr. Wilson cannot demonstrate that the conditions requested are related to his compensable injury. Rockspring Development, Inc. further maintains that Mr. Wilson's conditions of cervical strain, disc disease and radiculopathy of the right upper extremity are not a result of the compensable injury but a result of degenerative changes as stated by Dr. Mukkamala.

On May 17, 2011, Dr. Mukkamala performed an independent medical evaluation and diagnosed Mr. Wilson with lumbosacral sprain. He found the degenerative disc disease to be related to neck pain and therefore, not compensable. Dr. Mukkamala did not find any objective evidence of radiculopathy in the right upper extremity. He concluded that Mr. Wilson's current complaints were related to degenerative changes, which are unrelated to the incident of December 3, 2009. He reasoned that since the injury was a soft tissue injury it was expected to resolve in one to two weeks but certainly not more than four weeks, and because the accident occurred over a year ago, he concluded that the current symptoms are not causally related to the compensable injury.

The Office of Judges concluded the claims administrator appropriately denied the request to add cervical, strain, cervical disc disease, and radiculopathy to the upper extremities as compensable components. The Office of Judges noted that Mr. Wilson had a long history of cervical pain and was not treated for a cervical sprain until March of 2010, three months after the injury. The Office of Judges stated that Mr. Wilson suffered another injury on April 7, 2010, the same way he was injured the first time. It determined that degenerative changes in the cervical spine on the x-rays and CT scans from December 4, 2009, could not be related to the soft injury that occurred one day before. Ultimately, the Office of Judges held that the conditions of cervical strain, cervical disc disease, and radiculopathy to the upper extremities were not compensable. The Board of Review reached the same reasoned conclusions in its decision of February 1, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 5, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis

2

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II